UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHANNA OLIVO,

                        Plaintiff,              DECLARATION OF
                                                              MATTHEW FLAMM
          - against -                                 09 CV 5894 (AKH)(THK)

THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New York
Police Department,

                        Defendants.

------------------------------------------------------------------------x

STATE OF NEW YORK    )
                               : SS. :
COUNTY OF KINGS      )

       MATTHEW FLAMM, declares the following under penalty of perjury pursuant to 28 U.S.C. §1746:

       1.     I represent plaintiff Johanna Olivo and am familiar with the facts stated herein based on review of documents filed with this Court and the New York County Supreme Court, documents appearing in my files and exchanged between counsel, on my participation in this matter as attorney and on conversations with Ms. Olivo and others.

       2.     This declaration opposes defendant City of New York's Motion to Enforce a claimed oral or written settlement agreement. Plaintiff contends that defendant seeks to bootstrap evidence of negotiations regarding the amount of settlement into an actual, complete and legally-enforceable settlement agreement. Ms. Olivo asks that the motion be denied and that that this suit be restored and litigated.

A.    The March 30, 2008 Incident

    3.    In late March 2008, defendant Wilfredo Rosario, using his authority and position as a Community Affairs Officer for the 26th Precinct, sexually assaulted plaintiff after he lured her into his private automobile under the pretense of providing her assistance with and information about employment. See Exh. 1: Transcript of plaintiff's July 23, 2008 testimony taken by defendant City of New York pursuant to General Municipal Law §50-h at pp. 22-26.

    4.    Ms. Olivo met Officer Rosario on or about March 26, 2008, when she had locked her wallet and keys in her automobile parked on Riverside Drive. Exh. 1: 50-h Transcript at p.7. Defendant Rosario and another Police Officer were driving by and stopped to inquire and assist. Id. at pp.10-15. Rosario "started making conversation," Id. at p.10 ll.8-9, and told Ms. Olivo he could help her find child care and a job. Id. at p.13-14, 73.

    5.    Late in the evening of March 30, 2008, defendant Rosario telephoned Ms. Olivo about an employment application and that he was downstairs in his automobile. She went downstairs and got into his car after Rosario assured her that he had no bad intentions. Id. at pp.24-25.

    6.    Over the course of the next approximately forty-five minutes, Rosario touched Ms. Olivo's breast, Id. at p.31, prevented Olivo from getting out of his auto by grabbing her coat, Id. at pp. 33, 35-36, displayed his penis, Id. at pp. 39-40, and made Ms. Olivo touch his penis. Id. at p.44.

    7.    Ms. Olivo suffered the psychological and emotional trauma and shock of being sexually assaulted by a public servant. See, e.g., Id. at pp.51, 52.

Plaintiff's doctor referred Ms. Olivo to a psychiatrist, and Ms. Olivo has received psychiatric care.  See, e.g., Exh. 2: Treatment notes of Dr. Geraldo Tapia.

B,      Defendant Rosario's Prior Acts of Misconduct

8.      Plaintiff contends that defendant City of New York's willful blindness to Wilfredo Rosario's at least six year long pattern of grotesque misconduct caused this incident to occur.

9.      Before his March 2008 encounter with Ms. Olivo, it is believed that defendant Rosario engaged in multiple instances of sexual misconduct and of using his position as a Police Officer to seek or obtain sex.  Defendant City of New York's Police Department received at least one complaint, in or about March 2002, regarding defendant Rosario's sexual misconduct and that he was using his position as a Police Officer to seek or obtain sex.

10.     Prior to defendant Rosario's March 2008 encounter with Ms. Olivo, it is believed that defendant Rosario engaged in sexual misconduct and used his position as a Police Officer to seek or obtain sex in early 2003 and in August 2004.

11.      On or about April 10, 2008, defendant Rosario was arrested and thereafter arraigned under Docket Number 1830/2008 on charges of, *inter alia*, unlawful imprisonment, sexual abuse in the first degree and official misconduct regarding both the March 30, 2008 encounter with Ms. Olivo and the March 2002 incident with another victim in Riverside Park.  On January 15, 2010, Mr. Rosario was convicted of violating P.L. §195.00.01 (official misconduct, an A misdemeanor) and §135.60.08 (attempted coercion in the second degree, a B misdemeanor) for his misconduct during the March 2002 incident.  He has not yet

been sentenced. The prosecution based on the March 30, 2008 incident with Ms. Olivo is pending.

12. On or about November 7, 2008, defendant Rosario was arrested and arraigned under Docket Number 5282/2008 on additional charges of, *inter alia*, attempted coercion in the second degree and official misconduct regarding an August 2004 incident. The prosecution is still pending.

13. In January 2009, defendant Rosario was indicted and arraigned under Docket Number 0033/2009 on nine charges, including rape and unlawful imprisonment, for actions involving a fourth victim occurring early in 2003. The prosecution is still pending.

C. Brief Procedural History and Settlement Discussions

14. This suit was commenced on June 29, 2009 and defendant City Answered on December 22, 2009 and defendant Rosario Answered on December 22, 2009.

15. Plaintiff sought to place this matter on the suspense docket, see Defendant's Exh. A: Docket entries 2 and 3, and a pretrial conference was held on December 4, 2009. At the conference, the Court privately discussed settlement with defense and plaintiff's counsel, recommended a settlement figure of seventy-five thousand dollars and scheduled further settlement discussions for January 29, 2010.

16. On December 9, 2010, I met with Ms. Olivo to discuss the status of the case and the Court's settlement recommendation. She was reluctant to

consent to settle the claims at the figure recommended by the Court and appeared troubled and unhappy.

17.  She and I spoke again on December 14, 2009 and January 27, 2010 and met on January 29, 2010.  After discussions, it appeared that she would reluctantly consent to settle the claims but wanted to meet with the Court.

18.  On January 29, 2010, Ms. Olivo appeared in Court with counsel to meet regarding potential settlement.  The Court did not hold settlement discussions and did not meet with Ms. Olivo.  A Case Management Plan was instead entered.  Counsel discussed possible settlement in the jury room for a time.

19.  Defense counsel and I communicated by email regarding the settlement amount, and by the end of the day, counsel had an agreement in principle to settle the case for sixty-five thousand dollars inclusive of costs and fees.  I had agreed with Ms. Olivo to reduce my fee and waive reimbursement of expenses and Ms. Olivo had authorized me to accept the settlement amount before the agreement was made between counsel.

20.  Defendant thereafter forwarded the papers "necessary to effectuate the settlement."  See Def. Exh. H: February 3, 2010 letter transmitting proposed settlement papers.  In addition to the proposed Stipulation and Order of Settlement and Dismissal, defense counsel sent the General Release and a "new Affidavit of Status of Liens [that was] required."  Id.

21.  There were terms included in the draft Stipulation which were either not discussed or not included in the email negotiations over the settlement amount.  Paragraph 5, for instance, seeks to have plaintiff bar the Stipulation's use

in any other litigation, something this office intended to seek to strike had Ms. Olivo decided to sign the necessary papers.  Paragraph 3 of the proposed Stipulation calls for dismissal of all claims against defendant Rosario, a matter not mentioned in the emails appended to defendants moving papers.

22.     The draft Stipulation also includes a provision, Paragraph 4, that plaintiff was to required to deliver all documents "necessary to effect this settlement," including the General Release and an Affidavit regarding liens.  Paragraph 7 contains a merger clause.

23.     On February 8, 2010, defense counsel wrote the Court advising that the parties had reached an agreement to settle this suit.  This Court, by memo endorsed Order dated February 8 and entered February 9, 2010, directed that based on "a suggestion of settlement having been made," the case was dismissed "subject to restoration by either party within 30 days on notice." Def. Exh. I.

24.     On February 12, 2010, Ms. Olivo came to my office to review and, I thought, to sign the papers needed to effect the settlement.  I explained the terms of the proposed settlement, that she had to review and sign the City's affidavit regarding money she might owe and explained that the settlement would end the claims against everyone, including Wilfredo Rosario.  Ms. Olivo, as previously, appeared to be in emotional turmoil over what had happened to her and over whether to settle the suit.  After I spoke with her for some time, Ms. Olivo could not bring herself to finalize the settlement by signing the settlement papers.

25. As per the Court's February 8, 2010 memo endorsed Order, I provided defendant Rosario and defense counsel notice on March 1, 2010 that plaintiff was not settling and intended to go forward with this litigation.

26. On March 8, 2010, plaintiff wrote the Court advising that the settlement was not consummated and requesting that the Court restore the case to the list of active cases and set a date for a status conference to schedule pretrial proceedings. Def. Ex. A: Docket Entry 14.

27. This motion followed.

WHEREAS, Plaintiff respectfully requests that defendant City of New York's motion be denied, and that, as requested in Ms. Olivo's February 8, 2010 letter application, this suit be restored to active status, and for such other and further relief as this Court deems just.

Dated: May 7, 2010
       Brooklyn, New York

                              Matthew Flamm
                              Attorney for Plaintiff
                              26 Court Street, Suite 600
                              Brooklyn, New York 11242
                                (718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHANNA OLIVO,

                              Plaintiff,                            CERTIFICATE OF SERVICE
                                                                          09 CV 5894 (AKH)(THK)

       - against -

THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New York
Police Department,

                              Defendants.

------------------------------------------------------------------------x


STATE OF NEW YORK      )
                                : SS.:
COUNTY OF KINGS       )

       MATTHEW FLAMM, declares the following under penalty of perjury pursuant to 28 U.S.C. §1746:

       That on May 7, 2010, the annexed DECLARATION OF MATTHEW FLAMM was served upon defendant Wilfredo Rosario, 3539 Decauter Avenue, Apartment 708, Bronx, New York 10467 and upon Sumit Sud, Assistant Corporation Counsel and attorney for defendant City of New York, at 100 Church Street, New York, New York, those being the addresses within the State theretofore designated for that purpose, by causing to be deposited a copy of the same, enclosed in a prepaid wrapper at 26 Court Street, Brooklyn, New York regularly maintained by the Government of the United States in said City and by electronically filing same with the Court.


                                                                          S/
                                                                   Matthew Flamm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOHANNA OLIVO,

                      Plaintiff,                    09 CV 5894 (AKH)(THK

      - against -

THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New
York Police Department,

                      Defendants.

----------------------------------------------------------------x

DECLARATION OF MATTHEW FLAMM
IN OPPOSITION TO DEFENDANT CITY OF
NEW YORK'S MOTION TO ENFORCE A SETTLEMENT

_____

Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242  (718) 797-3117
