UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JOHANNA OLIVO,

                    Plaintiff,                    09 CV 5894 (AKH)(THK)

        - against -

THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New York
Police Department,

                    Defendants.

-----------------------------------------------------------------------x


              PLAINTIFF'S MEMORANDUM OF LAW
              OPPOSING DEFENDANT CITY OF NEW
              YORK'S MOTION TO ENFORCE A
              PURPORTED SETTLEMENT AGREEMENT


                                                Matthew Flamm
                                    Attorney for Plaintiff
                                    26 Court Street
May 7, 2010                                Brooklyn, New York

# TABLE OF CONTENTS

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Note Regarding Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument

        DEFENDANT CITY OF NEW YORK'S MOTION SHOULD BE
        DENIED.  THERE WAS AND IS NO ENFORCEABLE
        SETTLEMENT AGREEMENT.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.     There is no enforceable written settlement
               agreement.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        2.     There is no enforceable oral settlement
               agreement.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               A.    The first *Winston* factor  – Express Reservation  –
                     weighs against enforcement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

               B.    There was no performance, partial or
                     otherwise. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

               C.    Terms remain to be negotiated.  . . . . . . . . . . . . . . . . . . . . . . . 5

               D.    The proposed settlement agreement is the
                     type usually reduced to writing. . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JOHANNA OLIVO,

                        Plaintiff,                    09 CV 5894 (AKH)(THK)

        - against -


THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New York
Police Department,

                        Defendants.

-----------------------------------------------------------------------x


<u>Preliminary Statement</u>

        Plaintiff Johanna Olivo opposes defendant City of New York's motion to
enforce a purported settlement agreement.  Because there was and is no
enforceable oral or written settlement agreement, the motion should be denied
and Ms. Olivo permitted to litigate this suit.


<u>Note Regarding Relevant Facts</u>

        This Court is respectfully referred to the accompanying Declaration of
Matthew Flamm, dated May 7, 2010, and to the accompanying Exhibits for the
statement of facts.


<u>ARGUMENT</u>

        <u>DEFENDANT CITY OF NEW YORK'S MOTION
        SHOULD BE DENIED.  THERE WAS AND IS NO
        ENFORCEABLE SETTLEMENT AGREEMENT.</u>

1.      There is no enforceable written settlement
        <u>agreement.</u>

        Defendant seeks to bootstrap evidence of negotiations regarding the
amount of a proposed settlement (Def. Exh. C-F) into a complete and legally-
enforceable settlement agreement.  Defendant's Memo of Law ("Memo") at pp. 4-
7.  There was an agreement in principle but no enforceable oral or written

settlement agreement until the documents "necessary to effectuate the settlement" (Def. Exh. H: February 3, 2010 Letter transmitting proposed settlement papers) at p.1 para. 1) were executed and notarized.

The emails are evidence of settlement negotiations and, given the settlement paperwork needed to settle City cases, should not be found to constitute a complete, enforceable written settlement agreement. Additionally, under New York law, settlement agreements are only enforceable where the agreement is memorialized in a signed writing or the agreement is made orally between counsel in open court or where the agreement is reduced to the form of an order and entered. See N.Y. C.P.L.R. § 2104.

The emails regarding a single, important term of the proposed agreement – the amount of the settlement  –  should be found not to satisfy C.P.L.R. §2104 and to be unenforceable under New York law. There obviously is no signed agreement.

    2.    There is no enforceable oral settlement agreement.

Likewise, defendant's repeated and conclusory alternative claim that there was an enforceable oral agreement is contrary to judicial authority. Evaluating whether the parties intended to be bound by an oral agreement requires an examination of the totality of the circumstances. See Ciaramella v. Reader's Digest Ass'n, 131 F.3d 320, 322 (2d Cir.1997); Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir.1985). The Second Circuit has identified four factors to look to to determine the parties' intent to be bound by an oral agreement:

> (1) whether there has been express reservation of the right not to be bound in the absence of writing;

> (2) whether there has been partial performance of the contract;

> (3) whether all of the terms of the alleged contract have been agreed upon; and,

> (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Winston, 777 F.2d at 80.   While no single factor is decisive and each provides significant guidance, Ciaramella, 131 F.3d at 323, all four factors weigh against enforcement here.

> A.   The first *Winston* factor  – Express
> Reservation  –  weighs against enforcement.

In the negotiations leading up to the January 29, 2010 oral agreement, neither party expressly reserved the right not to be bound absent a written agreement.  That defense counsel's February 8, 2010 letter to the court states without reservation that a settlement had been reached and that plaintiff's attorney did not write indicating that plaintiff disagreed with this characterization does not end the inquiry.  Other conduct and communications are relevant because "an implied reservation may suffice to weigh against enforcement under the first Winston factor." Cook v. Huckaby, 07-CV-4467, 2009 WL 3245278 at *3 (E.D.N.Y. Oct. 1, 2009); See Ciaramella, 131 F.3d at 324  ("We find numerous indications in the proposed settlement agreement that the parties did not intend to bind themselves until the settlement had been signed.").

There are several provisions in the draft settlement documents indicating defendant's intention not to be bound absent the execution of the documents. See, e.g.  Cook at *4; Edwards v. City of New York, 08-CV-2199, 2009 WL 260131 at *2-3 (E.D.N.Y. Aug. 21, 2009).  Defense counsel's February 3, 2010 transmittal letter, Def. Exh. H, enclosed (I) a Stipulation of Settlement and Dismissal, (ii) an Affidavit of Status of  Liens, and (iii) a General Release, the last two documents of which required Olivo's notarized signature.  Paragraph 4 of the draft Stipulation required Ms. Olivo to "execute and deliver to defendants' [sic] attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of the Status of Liens."   This indicates that "notwithstanding the oral agreement, execution and delivery of the ... documents was necessary to 'effect this settlement.'" Cook at *4; see also Edwards at *3 and fn.1.

The language in the draft Stipulation's whereas clause that "Now, therefore, it is hereby stipulated and agreed" has been found to indicate that "the oral agreement is not binding until execution of [the] written agreement." <u>Cook</u> at *4.

The presence of the merger clause in paragraph 7 also is "persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement." <u>Cook</u> at * 4; <u>Edwards</u> at *4 and fn.3 (both citing <u>Ciaramella</u> at 324).

Together, these acts and communications are contradictory; there is some indication (the February 3, 2010 transmittal letter and the February 8, 2010 letter to the Court) that defendant intended to be bound absent a written agreement; in contrast, language in the February 3, 2010 transmittal letter, the language contained in defendant's proposed Stipulation, and plaintiff's March 8, 2010 letter to the Court indicating that there had been an agreement "in principle" evince an intent not to be bound absent a writing.   These communications weigh against enforcement of the settlement agreement with respect to the first <u>Winston</u> factor.

B.   <u>There was no performance, partial or otherwise.</u>

The second <u>Winston</u> factor, partial performance, also weighs against enforcement.   Neither party has undertaken any performance.   Defendant has not delivered any settlement proceeds.  Olivo did not terminate her action, release the defendants or provided an affidavit regarding liens.

The City, however, contends that the drafting and delivery of it February 3 transmittal letter and enclosures constituted partial performance.  Memo at p. 11. However, the "only meaningful act the City had to perform was to issue a payment to [Olivo], which has not occurred." <u>Edwards</u> at *4.

C.   Terms remain to be negotiated.

The third Winston factor is whether all of the terms of the agreement have been agreed upon, see Winston, 777 F.2d at 80, or, put differently, whether there is "literally nothing left to negotiate." Winston, 777 F.2d at 82 (internal quotation omitted).  This factor weighs against enforcement for several reasons.

The City appears to assert that the only negotiated term at issue was the amount of the settlement.  Plaintiff agrees that the amount of the settlement is typically the "single most important term" of a settlement agreement, Edwards at * 4, and that a "Stipulation and Order of Settlement and Dismissal" and a "General Release" are "standard" for a settlement of this type. Id.

Here, however, there is *not* "literally nothing left to negotiate."   While defense counsel forwarded a proposed Stipulation, plaintiff's counsel did not intend to agree to all of the terms.  See Declaration of Matthew Flamm at ¶21.  The "actual drafting of a written instrument will frequently reveal points of disagreement, ambiguity, or omission which must be worked out prior to execution ... [and][d]etails that are unnoticed or passed by in oral discussion will be pinned down when the understanding is reduced to writing." Winston, 777 F.2d at 82 (internal quotation omitted); see also Ciaramella, 131 F.3d at 325 (noting that "the existence of even 'minor' or 'technical' points of disagreement in draft settlement documents [may be] sufficient to forestall the conclusion that a final agreement on all terms had been reached").

Here, reducing the parties' oral understanding to writing had only commenced and plaintiff's counsel had not yet responded to the draft Stipulation. As the proposed settlement documents show, the defendant sought to have Ms. Olivo execute a "new" and "required" Affidavit of the Status of Liens ("Affidavit") as a condition to "effect[ing] the settlement."  Def. Exh. H: draft settlement agreement at ¶ 4.  The City's requirement that Olivo execute such an Affidavit has been found not within the ambit of an oral agreement. Edwards at *4.  The

-5-

Affidavit's purpose appears to be for the City to assess whether Olivo has any preexisting debts to certain City and New York State entities; presumably the City would seek to ensure that the $65,000 settlement payment was first applied against any such debts. Id.

The City's Law Department appears to require that plaintiffs execute affidavits of this type for settlement purposes as a matter of policy. Edwards at *5 (collecting cases). Even were the City to argue that plaintiff's counsel, having litigated cases of this nature with the City before, is familiar with the City's standard settlement documents, "simply because the City typically insists upon an affidavit concerning liens does not mean that the execution of such an affidavit was within the ambit of the oral agreement." Edwards at *5

The Affidavit would have provided defendant an additional benefit which appears to be outside the scope of the January 29, 2010 oral agreement. See Cook at * 5; Edwards, at *5(noting that execution of an Affidavit of No Liens affords a separate benefit "apart from the resolution of claims" by allowing the City to either "(1) recover debts wholly unconnected to the instant case; or (2) protect itself against claims to the settlement amount by creditors wholly unconnected to the instant case"). This Court should, like Edwards, find that the January 29 oral agreement did not include the requirement that Olivo execute the Affidavit.

Under the third Winston factor, because the process of reducing the agreement to writing would have revealed additional unresolved terms such as that seeking to bar third parties from using the Stipulation in other litigations and the requirement that Olivo sign an Affidavit regarding liens, weighs against enforcement.

D.      The proposed settlement agreement is the
        type usually reduced to writing.

The final Winston factor looks to whether a settlement is the type of agreement that is usually reduced to writing. The Second Circuit has previously

-6-

answered that question in the affirmative.  <u>See</u>, <u>e.g.</u>, <u>Ciaramella</u>, 131 F.3d at 326
("Settlements of any claim are generally required to be in writing or, at a
minimum, made on the record in open court."); <u>see</u> <u>also</u> <u>Winston</u>, 777 F.2d at 83
("Where, as here, the parties are adversaries and the purpose of the agreement is
to forestall litigation, prudence strongly suggests that their agreement be written
in order to make it readily enforceable, and to avoid still further litigation.").

Defense counsel cannot reasonably dispute that a settlement of this kind is
usually memorialized in a writing but appears to claim that its demand to
memorialize the agreement did not preclude the formation of a binding
agreement, Memo at p. 12, thereby conceding that these agreements are typically
reduced to writing.  Just as in <u>Edwards</u>, "the City's insistence on the execution of
these documents by a date certain cuts against that understanding." <u>Edwards</u> at
* 5.  <u>See</u> Def. Exh. H: February 3, 2010 Letter ("[P]lease return the executed
documents ... no later than February 29, 2010.").

Additionally, under New York law, settlement agreements are only
enforceable under one of three circumstances: (I) where the agreement is
memorialized in a signed writing; (ii) where the agreement is made orally
between counsel in open court, or (iii) where the agreement is reduced to the form
of an order and entered. <u>See</u> N.Y. C.P.L.R. § 2104.

Because the requirements of C.P.L.R. §2104 are not met, the oral
agreement is unenforceable under New York law.  There obviously is no signed
agreement or court order, and the oral agreement between counsel did not occur
in open court, nor under circumstances that substantially complied with the open
court requirement./[1]  <u>See</u> <u>e.g.</u>, Cook at *7.  Thus, despite defendant's

---

1.  <u>See</u> <u>Powell v. Omnicom</u>, 497 F.3d 124, 131 (2d Cir.2007);(upholding a settlement
agreement where "the terms of this agreement were announced on the record and
assented to by the plaintiff in open court" and noting that the "in-court announcement here
functioned in a manner akin to that of a memorializing writing"); <u>Monaghan v. SZS 33</u>
<u>Associates, L.P.</u>, 73 F.3d 1276, 1282-83 (2nd Cir. 1996)(upholding settlement agreement
based on "substantial compliance" with C.P.L.R. Section 2104 where discussion occurred
before a judge despite the lack of contemporaneous record and where plaintiff reasonably
relied on the oral agreement thereby estopping defendants from later challenging its

characterization of the contemplated settlement as "not so complex" (Memo at p.

12), enforcement of the oral agreement here should be found to be barred by

C.P.L.R. §2104.

Finally, the defense spends several pages arguing about actual and

apparent authority.  Memo at p. 7-10.  There is, however, no need for the Court to

address the issue; if no binding agreement exists, plaintiff's counsel's authority is

irrelevant. Edwards at *6.


Conclusion

Plaintiff respectfully requests that defendant City of New York's motion be

denied, and that, as requested in Ms. Olivo's February 8, 2010 letter application,

this suit be restored to active status, and for such other and further relief as this

Court deems just.


Dated  May 7, 2010
          Brooklyn, New York


                                                    S/
                                        _____

                                        MATTHEW FLAMM
                                          Attorney for Plaintiff
                                        26 Court Street, Suite 600
                                        Brooklyn, New York  11242
                                        (718) 797-3117

---

validity). See Foster v. City of New York, No. 96-CV-9271, 2000 WL 145927 (S.D.N.Y. Feb. 7,
2000) (upholding settlement where parties' counsel made an oral settlement agreement
before judge during settlement conference); Willgerodt of Majority Peoples' Fund for 21st
Century, Inc. v. Hohri, 953 F.Supp. 557, 559-60 (S.D.N.Y. 1997) (upholding oral settlement
agreement reached on the record in open court during a settlement conference where "a
complete transcript of the proceeding documents the oral settlement agreement").

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOHANNA OLIVO,

                          Plaintiff,                    CERTIFICATE OF SERVICE
                                                        09 CV 5894 (AKH)(THK)

             - against -

THE CITY OF NEW YORK and WILFREDO
ROSARIO, an employee of the City of New York
Police Department,

                          Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK        )
                        : SS.:
COUNTY OF KINGS          )

        MATTHEW FLAMM, declares the following under penalty of perjury
pursuant to 28 U.S.C. §1746:

        That on May 7, 2010, the annexed PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION  was served upon defendant Wilfredo Rosario, 3539 Decauter
Avenue, Apartment 708, Bronx, New York 10467 and upon Sumit Sud, Assistant
Corporation Counsel and attorney for defendant City of New York, at 100 Church
Street, New York, New York, those being the addresses within the State
theretofore designated for that purpose, by causing to be deposited a copy of the
same, enclosed in a prepaid wrapper at 26 Court Street, Brooklyn, New York
regularly maintained by the Government of the United States in said City and by
electronically filing same with the Court.


                              _____s/_____
                              Matthew Flamm