UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
                                                                 :
JOHANNA OLIVO,                                                   :
                                                                 :
                              Plaintiff,                         :   **ORDER DENYING CITY OF**
                                                                 :   **NEW YORK'S MOTION TO**
        -against-                                                :   **ENFORCE SETTLEMENT**
                                                                 :
                                                                 :   09 Civ. 5894 (AKH)
                                                                 :
THE CITY OF NEW YORK, and WILFREDO                               :
ROSARIO, an employee of the City of New York                     :
Police Department,                                               :
                                                                 :
                              Defendant.                         :
                                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Johanna Olivo alleges that she was sexually assaulted by Defendant Wilfredo Rosario, and that Rosario used his authority as a Community Affairs Officer to carry out the assault. Olivo claims that Rosario sexually assaulted other women and that the City of New York was aware of these assaults but did nothing to prevent Rosario's continued misconduct. In January 2010, Olivo and the City engaged in settlement negotiations. The City contends that the negotiations resulted in a binding agreement and now moves to enforce the terms of that alleged agreement. The central issue here is whether the parties intended to form a binding contract when they agreed on one term, the dollar amount, but did not agree on or discuss any other terms. For the reasons stated below, the motion is denied.

1

## I.    BACKGROUND

Settlement discussions began in earnest on January 29, 2010, when the parties appeared before me for a status conference.  The parties were unable to reach an agreement during the conference but, later that day, Olivo's attorney sent an email to the City and offered to settle the dispute for $68,000.  The City rejected that offer and counter-offered for $60,000.  Olivo's attorney rejected the counter-offer, and re-countered at $65,000.  The City accepted the re-counter.  Throughout the email exchange, the parties discussed only the monetary element of the agreement; no other terms or conditions were mentioned.  On February 3, 2010, the City sent Olivo papers that were "necessary to effectuate the settlement."  The settlement papers included provisions that would have barred third parties from using the stipulation of settlement in any other litigation and called for the dismissal of all claims against Defendant Wilfredo Rosario, who is not being represented by the City.  The settlement papers also included a general release and an affidavit regarding outstanding liens.  On February 10, 2010, the City informed the Court that a settlement had been reached, and the action was placed on a thirty-day suspense calendar.  By letter dated March 1, 2010, Olivo informed the City that she "decided to decline the City's settlement offer."  The City then brought this motion to enforce what it believes is a binding agreement to settle Olivo's claims.

## II.    DISCUSSION

A settlement agreement is interpreted according to general principals of contract law.  Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).  "To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound."  Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004) (quotations omitted).  The parties to the contract must be "in agreement with respect to all

material terms" of the contract.  <u>Hines v. Overstock.com, Inc.</u>, 09-4201-cv, 2010 U.S. App. LEXIS 11265, at *6 (2d Cir. June 3, 2010) (<u>quoting</u> <u>Robison v. Sweeney</u>, 301 A.D.2d 815, 817 (3d Dep't 2003)).  As with any contract, a court cannot relieve a party from the obligations of a settlement agreement simply because one party second guesses the decision to settle.  <u>United States v. Bank of New York</u>, 14 F.3d 756, 759 (2d Cir. 1994).  As the party seeking to enforce the agreement, the City bears the burden of establishing the existence of a valid contract.  <u>Allied Sheet Metal Works, Inc. v. Kerby Saunders, Inc.</u>, 206 A.D.2d 166, 169-70 (1st Dep't 1994).

It is undisputed that the parties exchanged emails that resulted in an agreement on a dollar amount for Olivo's claims.  It is also undisputed that no other terms of the settlement agreement were discussed, much less agreed upon.  The monetary aspect of a settlement would clearly be an important term, if not the most important term, of any settlement agreement between Olivo and the City.  Yet, the existence of other open terms, and the fact that the City sent papers that included additional terms to Olivo shortly after agreeing on the monetary element, indicates that neither party intended to be contractually bound by the email exchange.  <u>Vacold LLC</u>, 545 F.3d at 128 ("The existence of open terms is always a factor tending against the conclusion that the parties have reached a binding agreement, and indeed, there is a strong presumption against finding binding obligation[s] in an agreement that include[s] open terms . . . and expressly anticipates future preparation and execution of contract documents." (internal citations and quotations omitted)).  The City has failed to establish that the parties formed a binding contract in their January 29, 2010 email exchanges.  <u>See</u> <u>Register.com, Inc.</u>, 356 F.3d at 427.

### III. CONCLUSION

For the reasons stated, the City's motion is denied. Counsel for both parties shall appear for a status conference at 10:00 a.m. on August 23, 2010, at which time they should submit a revised case management plan. The Clerk shall mark the motion (Doc. No. 16) terminated.

SO ORDERED.

Dated: August 12, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4